## JOSEPH CAMPAU, ADMINISTRATOR, ETC., OF DENIS CAMPAU, DECEASED, *versus* DAVID C. McKINSTRY, JACOB SMITH, AND JOHNSY McCARTHY

December 14, 1830

390

Hunt & Larned, attorneys for plaintiff (1823).
Larned & Fraser, attorneys for plaintiff (1830).
Sibley & Whitney, attorneys for defendants (1823).
Farnsworth & Goodwin, attorneys for defendants (1830).

## [OPINION]

Campau vs McKinstry, Suit on Bond, for prison limits—

Judgment was obtained by the Pltff against Jacob Smith— execution on s$^d$ Judg$^t$ Smith was arrested thereon and imprisoned in the Gaol of Wayne County— Smith being desirous of enjoying the benefits of the prison Bounds, entered into a Bond with said McKinstry and McCarthy to the Pltff, conditioned to remain a true prisoner within the limits— The Bond was approved by 2 Justices and filed with the Shff and Smith was allowed to pass out of the walls of the prison upon the limits— Smith passed over and without the limits of the prison in breach of the Condition of his bond and the present action has been brought to recover the debt and Costs, by the Pltff, against the securities—

The Def$^t$ McKinstry having upon oyer obtained a profert of the Bond and condition has pleaded several pleas— 1st Non est factum— 2$^d$ Nil debit— 8th That Smith did depart out of the prison limits in breach of the Condition of his Bond as charged by the Pltff— On these three pleas the Pltff has joined issue— These pleas therefore are not now for Consideration— to the 6 plea a replication has been filed & issue thereon—

To the 3$^d$ 4th 5th and 7th pleas, the plff has demurred— and the Def$^t$ McKinstry has joined in Demurrer— It is therefore on these last pleas that the Court are called on for a decission—

The 3$^d$ and 4 pleas may be considered together, as the same grounds are assigned substantially for the avoidance of the Bond Towit that the penalty is not in double the amount of the debt for which Smith stood imprisoned— The penalty is one half of a cent less than the double amt. of the Judg$^t$—

A Material question arises here under the act— Has the sheriff any agency in taking the Bond, further than to receive it in Deposit for safe keeping, until the pltff shall demand it— I think not. It is evidently the province of the prisoner, either of himself or thro' the agency of his friends, to make the Bond and also to procure the certificate of the Justices of the sufficiency of the sureties— The Bond is made direct to the Plaintiff and is for his security for his debt— The sheriff is to receive the Bond when made and tendered— He receives it subject to one Condition, that it is made in substantial Compliance with the provisions of the statute— On filing the Bond all further liability for the imprisonment and safe keeping the prisoner is at an end so far as the sheriff is Concerned— If the prisoner escapes, from the limits, the Pltffs redress is on his Bond— (See Mass$^{ts}$ reports)

The Bond being made by the def$^t$ he ought to be responsible for any errors in the Calculations and it appears to me that it is irreconcilable to sustain that he should now avail himself of his own wrong to defeat the Pltffs action since he has had the Benefit of the condition of the Bond— The error so far as it goes is in

favor of the Def<sup>t</sup>— The penalty is reduced one half of a cent— The Law I think is substantially complied with in respect to the penalty of the Bond, and that the demurrers should be sustained

In the 5th plea the def<sup>t</sup> attacks the Condition of the Bond, on the ground that it Contains words not required by the statute— Here I again remark, the prisoner is to make the Bond— It is to be his act and not the act of the sheriff therefore if any thing has been put into the Condition of the Bond it must have been inserted by Smith or his friends and evidently intended for his benifit— the words, "*or may hereafter be laid off and assigned*," convey no ease or favor in fact, as they are nothing more than an inference of Law, on a contingency happening— I have not a doubt but Smith on making the Bond in the form laid down in the Law, would have been entitled to the extension of the prison bounds had they been enlarged during his imprisonment— As no condition inconsistent with the law on the rights of the parties under it, is added I think we are warranted in treating the same as surplussage and as without any operation upon the Contract— Such being my view of the Law, I think the demurrer sustained— To the s<sup>d</sup> plea

To the 7th plea a special demurrer is filed for what the plff considers duplicity—

On inspection of this plea I find that the def<sup>t</sup> first states, that at the time of entering into the Bond, there were no prison bounds laid off and assigned, and secondly that the Bond was taken by Sam<sup>l</sup> Sherwood, deputy sheriff, for ease and favor, and therefore void— Here are Two facts affirmed in one plea, on either or both issue might be joined— All pleas should be so pleaded as to Conduce to a single fact or point— A number of facts or Circumstances may be set forth in the same plea without the hazard of duplicity, provided they all tend to the same conclusion— Had issue been taken on this plea the jury would have been compelled to pass on Two distinct independent propositions under one issue— which is a departure from the established rules of pleading—

I think the demurrer is well taken and should be sustained— and the plea overruled—

Having passed on the several demurrers, I will make a remark or Two, having a reference to those 4 pleas on which issue is joined— These pleas are said to be pleaded by leave of the Court— If the leave of the Court is necessary to pleading more than one plea, the Court should be cautious to guard the privilege so as to prevent its abuse—

The first plea is non est factum— and the 8 plea is a denial of a Breach of the condi of the Bond, or in other words denies that Smith escaped from prison—

If these Two issues are found either for the Pltff or ag<sup>t</sup> him, of what avail is the plea of nil debit— The plea appears to me immaterial and as such should be struck out of the record—

The sixth plea presents a different case for if no prison Bounds were at the time of making the Bond established, quere if the Consideration does not fail— However on this last point I have made up no opinion— Should the point arise hereafter it must then be disposed of—